IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| JOSHUA CHAD BECKSTEAD, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. 2:09-CV-0255BSJ <br> (Crim. No. 2:04-CR-115BSJ) <br><br> **MEMORANDUM OPINION & ORDER** <br><br> **FILED** <br> CLERK, U.S. DISTRICT COURT <br> May 18, 2010 (3:45pm) <br> DISTRICT OF UTAH |

* * * * * * * * *

On March 20, 2009, petitioner JOSHUA CHAD BECKSTEAD filed his motion pursuant to 28 U.S.C.A. § 2255 (2006 ed.), commencing the above-captioned proceeding. The parties filed their respective memoranda, and the matter was heard on July 21, 2009. At that time, this court took the matter under advisement. (*See* Minute Entry, dated July 21, 2009 (dkt. no. 9).) Having reviewed and considered the record in Beckstead's criminal proceeding, the memoranda and arguments submitted by counsel, and the controlling legal authorities that bear upon the issues raised, this court now concludes that Beckstead's motion must be denied in all respects. The grounds relied upon by Beckstead prove to be unavailable to him under § 2255 because of *stare decisis* or because the issues raised were already decided on his direct appeal.

On April 7, 2005, following four days of trial, a jury found Beckstead guilty on four counts, including the attempted manufacture of fifty grams or more of actual methamphetamine and unlawful possession of listed chemicals. (*See* Jury Verdict, *United States v. Beckstead*, Case No. 2:04-CR-115BSJ, filed April 7, 2005 (dkt. no. 145).) He was sentenced to the mandatory

statutory minimum term of twenty years' imprisonment pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (*See* Judgment in a Criminal Case, *United States v. Beckstead*, Case No. 2:04-CR-115BSJ, filed July 8, 2005 (dkt. no. 169).)   Beckstead appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit, which affirmed.  *United States v. Beckstead*, 500 F.3d 1154 (10th Cir. 2007).  The Supreme Court denied Beckstead's petition for a writ of certiorari on March 31, 2008.  *Beckstead v. United States*, 552 U.S. 1304 (2008).

Beckstead's § 2255 motion seeks relief from his conviction and sentence on three grounds: (1) that his twenty-year minimum mandatory sentence was imposed upon him in violation of his Sixth Amendment right to jury trial; (2) that the Government obtained his conviction by advancing "two factually inconsistent and irreconcilable theories" concerning Beckstead's residence at his girlfriend's apartment at the pretrial suppression hearing and at trial, denying him due process of law; and (3) that receipt of evidence at trial concerning the actual quantity of precursor chemicals found at the crime scene denied him his Sixth Amendment right to confront the witnesses against him because the chemicals themselves were not available to be weighed and the person who purportedly had weighed the chemicals did not testify at trial.

First, Beckstead argues that the imposition of his twenty-year minimum mandatory sentence under 21 U.S. C. §§ 841(a)(1) and 841(b)(1)(A) cannot be sustained unless the jury found beyond a reasonable doubt that he has "a prior conviction for a felony drug offense," citing to the dissenting opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the plurality opinion and separate concurrence in *Shepard v. United States*, 544 U.S. 13, 24, 26 (2005), among others, *see Rangle-Reyes v. United States*, 547 U.S. 1200, 1202 (2006) (Thomas, J., dissenting from denial of certiorari).  *Apprendi* and other cases stand for the proposition that any fact *other*

*than a prior conviction* sufficient to raise the limit of the possible federal sentence must be found by a jury beyond a reasonable doubt, at least in the absence of any waiver of rights by the defendant. *See Apprendi*, 530 U.S. at 490; *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999); *Shepard*, 544 U.S. at 24 (opinion of Souter, Stevens, Scalia & Ginsburg, JJ.)[1] Beckstead asserts that at a virtual five-Justice majority of the Supreme Court now agrees that the "prior conviction" exception to the *Apprendi* rule recognized in *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998), should be abandoned, and the fact of a prior conviction must be proven as an element of a recidivist offense before it may be relied upon in imposing the statutory minimum mandatory sentence. *See, e.g., Fernandez v. Mukasey*, 544 F.3d 862, 879 n.3 (7th Cir. 2008) (Rovner, J., dissenting).[2]

To date, however, this purported virtual majority of the Court has not yet put that view into words on paper in deciding an actual case, and unless and until it does, this question appears

---

[1] *Apprendi* essentially requires that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum to be charged, submitted to a jury, and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. *Apprendi* explained that recidivism is distinguishable from other matters used to increase a sentence because (1) recidivism traditionally has been used by sentencing courts to increase the length of a sentence, (2) recidivism does not relate to the commission of the charged offense, and (3) prior convictions result from proceedings that include substantial procedural protections. 530 U.S. at. 488.

Beckstead's counsel asserts that in *Shepard*, "[t]he Court subsequently concluded the factual dispute regarding the scope of the defendant's prior conviction was 'too much like the findings . . . in *Apprendi* to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute.'" (Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed March 23, 2009 (dkt. no. 2), at 8 (quoting *Shepard*, 544 U.S. at 25).) The *Court* reached no such conclusion. Counsel quotes from Part III of Justice Souter's opinion, which was joined by Justices Stevens, Scalia & Ginsburg—a plurality of the Court.

[2] As Judge Rovner of the Seventh Circuit explains:

Although still reigning law, the viability of this notion is much in doubt. In *Apprendi v. New Jersey*, 530 U.S. 466, 520, 120 S.Ct. 2348, 147 L.Ed.2d 435, Justice Thomas, in concurrence, admitted siding with the erring position in *Almendarez-Torres* and concluded that the fact of a prior conviction is indeed an element of a recidivism statute–a position which allies him with the four dissenters in *Almendarez-Torres*. *Id.* at 520-21, 120 S.Ct. 2348 (Thomas, J., concurring). Thomas' change of mind now means that at least five current members of the Supreme Court support the position that the fact of a prior conviction is indeed an element of a recidivism crime.

to be authoritatively resolved in this circuit by *United States v. Holyfield*, 481 F.3d 1260 (10th Cir.), *cert. denied*, 552 U.S. 952 (2007):

> The Supreme Court has held that the Sixth Amendment requires the government to submit to a jury facts which increase a crime's penalty beyond the statutory maximum to avoid a Sixth Amendment violation. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Excepted from this rule is judicial fact-finding used solely to establish a prior conviction. *Id.* at 489-90, 120 S.Ct. 2348. To determine the "fact of prior conviction," a sentencing court may examine "the language of the statute of conviction, the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . ., or to some comparable judicial record of this information." *United States v. Taylor*, 413 F.3d 1146, 1157 (10th Cir.2005) (internal quotations omitted).
>
> Holyfield contends recent decisions by the Supreme Court portend the elimination of *Apprendi*'s prior conviction exception, *see Shepard v. United States*, 544 U.S. 13, 26 n. 5, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also id.* at 27, 125 S.Ct. 1254 (Thomas, J., concurring) ("a majority of the Court now recognizes [the prior conviction rule] was wrongly decided."). While there may be some truth to Holyfield's contention, we have repeatedly rejected these types of challenges. "Unless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent." *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005); *see also United States v. Harris*, 447 F.3d 1300, 1303 n. 1 (10th Cir. 2006) (same).

481 F.3d at 1261-62; *see United States v. Booker*, 543 U.S. 220, 244 (2005) (holding that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (emphasis added)); *Cunningham v. California*, 549 U.S. 270, 288-89 (2007) (same). The Tenth Circuit reiterated this point in *Hunter v. Werholtz*, 505 F.3d 1080 (10th Cir. 2007): "Despite the Court's cadre of doubting Thomases, it has continually reaffirmed the recidivism exception announced in *Apprendi*. *See Booker*, 543 U.S. at 244, 125 S.Ct. 738. The Supreme Court may overrule *Almendarez-Torres* some day, but we may not 'presume to do so for the Court.'" *Id.* at 1082 n.1 (quoting *United States v. Moore*, 401 F.3d

1220, 1224 (10th Cir. 2005)).  The court of appeals did not depart from the view expressed in *Holyfield* in the two years that passed between the date it was decided and the filing of Beckstead's § 2255 motion.  Nor has it sounded any retreat from *Holyfield* in the months that have passed since this matter was argued.  *See, e.g.*, *United States v. Medina-Rodriguez*, 348 Fed. Appx. 396, 400-01 (10th Cir. Oct. 8, 2009) (unpublished disposition).  Nor has the Supreme Court chosen to shed any further light on the question since *Shepard*.  *See James v. United States*, 550 U.S. 192, 214 n.8 (2007) ("To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. . . . [W]e have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998))).

    *Holyfield* offers even more guidance as to the disposition of this proceeding: "But even if the *Apprendi* exception for prior convictions was modified by the Supreme Court, Holyfield's appeal would still fail. The district court's fact-finding regarding the prior convictions did not raise Holyfield's sentence *beyond the statutory maximum*."  481 F.3d at 1262 (emphasis added). Indeed, both Holyfield and Beckstead were sentenced under 21 U.S.C. § 841(b), which prescribes a statutory maximum term of life imprisonment based upon the facts actually found by the jury in this case.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  Beckstead's twenty-year minimum mandatory sentence is less than life imprisonment, and thus this court's finding as to his prior state felony conviction for operating a clandestine drug lab does not "increase a crime's penalty beyond the statutory maximum," *Holyfield*, 481 F.3d at 1262, and implicate Beckstead's Sixth Amendment rights under *Apprendi*.

    Beckstead's counsel has failed to chart a course that successfully circumvents the clear

holding of *Holyfield*, which remains the controlling legal authority in this case.³

Nor has Beckstead circumnavigated the rule in this Circuit that "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Beckstead already raised the issue concerning the admissibility of evidence as to the quantity of precursor chemicals found at the crime scene on direct appeal, and the court of appeals affirmed its admission. *Beckstead*, 500 F.3d at 1166. Absent an intervening change in the law, that issue may not be revisited under § 2255. *See United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (claim of erroneous admission of evidence addressed on direct appeal could not be considered under § 2255).

As to the essential elements of the offenses charged in the Indictment, the Government did not present "two factually inconsistent and irreconcilable theories" of Beckstead's guilt. To the contrary, the Government consistently asserted that Beckstead was present at his ex-girlfriend's apartment with his listed chemicals, attempting to manufacture methamphetamine. But the Government never conceded that Beckstead's presence there was sufficient to establish a reasonable expectation of privacy in those premises.⁴

---

³*Holyfield* proves to be remarkable in at least two respects. Besides standing squarely on point concerning Beckstead's *Apprendi* claim, *Holyfield* is notable for its complete absence from the briefing in this proceeding. Neither Beckstead's counsel nor counsel for the Government cite to *Holyfield*, let alone discuss its clear implications for the outcome of Beckstead's claim.
  At a minimum, this court expects that in briefs and memoranda, members of the Bar of this court will call the court's attention to mandatory Supreme Court and Tenth Circuit precedent bearing upon issues raised before it, and no less so where the precedent appears to hold adversely to the arguments advanced by counsel in those papers.

⁴As the court of appeals recently summarized:

> The Fourth Amendment protects the "right of the people to be secure in their persons, houses,

On direct appeal, the court of appeals acknowledged the conflicting testimony at trial concerning whether Beckstead was "living in" his ex-girlfriend's apartment at the time it was searched by law enforcement officers, but affirmed this court's resolution of Beckstead's Fourth Amendment challenges to the officers' warrantless search of the apartment. *Beckstead*, 500 F.3d at 1162-64 (affirming denial of motions to suppress evidence before and during trial). Beckstead clearly could be present in his ex-girlfriend's apartment, doing what the Indictment alleged he did and what the Government's evidence tended to prove that he did, without acquiring a privacy interest in that apartment sufficient to confer Fourth Amendment protection: "Even if the district court found, as the jury did, that Beckstead had been present in Morris' apartment 'cooking' methamphetamine the night preceding the search, that alone would not have established that Beckstead had a legitimate expectation of privacy in Morris' apartment." *Id.* at 1164 (citing *Minnesota v. Carter*, 525 U.S. 83, 85, 88-91 (1998)).[5]

This court found that Beckstead failed to carry his burden under the Fourth Amendment to establish a reasonable expectation of privacy in his ex-girlfriend's apartment, and that finding

---

papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Because Fourth Amendment rights are personal, a defendant "may only claim the benefits of the exclusionary rule if [his] own Fourth Amendment rights have in fact been violated." *United States v. Jarvi*, 537 F.3d 1256, 1259 (10th Cir. 2008) (quoting *United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)). "This inquiry requires a determination of whether the Fourth Amendment was designed to protect an interest of the defendant that was violated by the ... search." *United States v. Erwin*, 875 F.2d 268, 270 (10th Cir. 1989) (citing *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). Thus we turn to the classic two-part Fourth Amendment test: (1) "whether the defendant manifested a subjective expectation of privacy in the area searched" and (2) "whether society is prepared to recognize that expectation as objectively reasonable." *United States v. Allen*, 235 F.3d 482, 489 (10th Cir. 2000) (internal quotation omitted); *see also United States v. Valdez Hocker*, 333 F.3d 1206, 1208-09 (10th Cir. 2003).

*United States v. Johnson*, 584 F.3d 995, 999 (10th Cir. 2009).

[5]Apart from the Fourth Amendment issue, the question of Beckstead's *residence* in his ex-girlfriend's apartment—in contrast to his mere presence while "cooking" methamphetamine—does not bear directly upon any essential element of any of his four offenses of conviction. Conflicting testimony as to Beckstead "living in" the apartment was not material to the jury's finding of guilt on all four counts.

was affirmed by the court of appeals on direct appeal. Having previously been adjudicated on direct appeal, this issue could not be reasserted in his § 2255 motion. *See Pritchard*, 875 F.2d at 791; *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) ("An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. Section 2255."). Moreover, the court of appeals' decision in Beckstead's direct appeal on the expectation of privacy issue is binding in this case under law of the case principles. *See United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991))); *see also* 16A Fed. Proc., L. Ed. *Habeas Corpus* § 41:485, at 469-70 (2006-07).

Finally, Beckstead's counsel evokes the historic role of "The Great Writ" of habeas corpus as a "'prompt and efficacious remedy for whatever society deems to be intolerable restraints,'" and "'a fundamental safeguard against unlawful custody.'" *Withrow v. Williams*, 507 U.S. 680, 697-98 (1993) (O'Connor, J. & Rehnquist, C.J., concurring in part and dissenting in part) (quoting *Fay v. Noia*, 372 U.S. 391, 401-02 (1963); *id.* at 449 (1963) (Harlan, Clark & Stewart, JJ., dissenting)[6]). Indeed, because a writ of habeas corpus is "at its core, an equitable

---

[6]As Justice Harlan observed,

> *Habeas corpus ad subjiciendum* is today, as it has always been, a fundamental safeguard against unlawful custody. The importance of this prerogative writ, requiring the body of a person restrained of liberty to be brought before the court so that the lawfulness of the restraint may be determined, was recognized in the Constitution, and the first Judiciary Act gave the federal courts authority to issue the writ 'agreeable to the principles and usages of law.' Although the wording of earlier statutory provisions has been changed, the basic question before the court to which the writ is addressed has always been the same: in the language of the present statute, on the books since 1867, is the detention complained of 'in violation of the Constitution or laws or treaties of the United States'?

remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), if a defendant can demonstrate that "failure to consider the federal claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks and citations omitted), this court may reach the merits of the claimed constitutional deficiencies despite the procedural bar resulting from his raising or failing to raise the same constitutional questions on direct appeal. *United States v. Cervini*, 379 F.3d 987, 990-91 (10th Cir. 2004). As both the Supreme Court and the Tenth Circuit have recognized, the incarceration of one actually innocent of the crime of which he has been convicted constitutes a grave miscarriage of justice; it is equally well established that if a defendant can adduce new evidence in post-conviction proceedings showing that "constitutional error 'probably' resulted in the conviction of one who was actually innocent," *Schlup*, 513 U.S. at 322, the court may reach the merits of claims otherwise procedurally barred.

Here, Beckstead does not make any assertion of actual innocence. He proffers no new exculpatory evidence. Nor does he raise any other equitable ground upon which this court may find that "failure to consider the federal claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Beckstead's conviction and the twenty-year minimum mandatory sentence prescribed by Congress as his punishment pursuant to 21 U.S.C. § 841(b)(1)(A)(vii) remain in full force and effect.

For the foregoing reasons,

**IT IS ORDERED** that JOSHUA CHAD BECKSTEAD's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255,

---

*Fay*, 376 U.S. at 449 (Harlan, Clark & Stewart, JJ. dissenting) (footnoted omitted).

filed March 23, 2009 (dkt. no. 2), is hereby DENIED in all respects.

DATED this _18th_ day of May, 2010.

BY THE COURT:

*[signature]*
Bruce S. Jenkins
United States Senior District Judge